NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JOSEPH PRATT, | ) | No. C 03-2536 JF (PR) |
| Plaintiff, | ) ) | PARTIAL DISMISSAL ORDER; ORDER OF SERVICE; ORDER |
| vs. | ) ) | DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION |
| E. ALAMEIDA, et al., | ) ) ) | OR NOTICE REGARDING SUCH MOTION |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison officials. The Court granted Plaintiff leave to proceed in forma pauperis and dismissed the complaint with leave to amend because Plaintiff's allegations failed to state a claim upon which relief may be granted under § 1983. Thereafter, Plaintiff filed an amended complaint. The Court will dismiss three of Plaintiff's claims and order service of the amended complaint on the named Defendants.

///

///

///

## BACKGROUND

Plaintiff alleges that he was denied his constitutional right of access to the courts by prison officials at Salinas Valley State Prison ("SVSP"). On October 4, 2002, Plaintiff claims that he gave his completed legal documents to be copied to SVSP Senior Librarian Burk. Plaintiff's legal documents included a petition for a writ of habeas corpus, writ of mandate, and a motion for discovery. Plaintiff also included documentary evidence consisting of police reports, police notes, and declarations from crime scene witnesses. Plaintiff's legal documents were misplaced and lost by SVSP prison officials. Plaintiff requested assistance from the SVSP law librarian to help him reconstruct his habeas petition, which was allegedly refused. Plaintiff alleges that prison officials did not help him reconstruct his legal paperwork, nor provide any recommendations on how to avoid the loss of legal paperwork in the future. Plaintiff filed an administrative appeal regarding the loss of his property, which was partially granted. See Amended Complaint at 2-6. Plaintiff admits that he was able to resubmit his habeas petition in the United States District Court for the Eastern District of California and that his habeas petition was reviewed. Id. at 7.

Plaintiff claims that after he complained about the destruction of his habeas petition, SVSP prison officials retaliated against him by taking away his seizure medication in order to prevent him from reconstructing his habeas petition and from filing a civil complaint. Plaintiff has taken this medication his entire life to control epileptic seizures. After the removal of this medication, Plaintiff suffered seizures resulting in serious injuries to his head, back, right elbow, and left shoulder. Amended Complaint at 9. Plaintiff asks to identify Officers who have threatened him for suing under the inmate "602" appeal procedure. Id. at 5.

Plaintiff alleges violations of his civil rights under the First, Fourth, Sixth, Eighth and Fourteenth Amendments. Plaintiff names the following Defendants in his amended complaint: Edward Alameida, Director of the California Department of Corrections and Rehabilitation at the relevant time period; G.K. Crawford, SVSP Supervisor of Vocational Instruction; A.A. Lamarque, SVSP Warden; and J. Burk, SVSP Law Librarian.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

**1.  Denial of Access to the Courts**

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. Lewis, 518 U.S. at 350-55. The destruction or confiscation of legal work may violate an inmate's right to access to the courts, see Vigliotto v. Terry, 873 F.2d 1201, 1202 (9th Cir. 1989), if the plaintiff can establish actual injury.

To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. Lewis, 518 U.S. at 354-55. An impermissible hindrance might include the dismissal of a prisoner's action for failure to satisfy some technical requirement because of deficiencies in the prison's legal assistance program. Id. at 351.

Partial Dismissal Order; Order of Service; Order Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.jf\cr.03\Pratt536srv         3

The Court concludes that Plaintiff has failed to establish the requisite element of actual injury. The Court dismissed Plaintiff's original complaint with leave to amend and noted the same deficiency in this claim. Plaintiff states in the amended complaint that the Eastern District of California permitted him to resubmit his habeas petition and that the delay has not hindered review of his habeas action in the Eastern District Court. Amend. Compl. at 7. In sum, Plaintiff has received all the review of his legal claims to which he was entitled, regardless of the loss of his legal documents. Accordingly, he fails to state a claim upon which relief may be granted under § 1983. Because no further amendment to the amended complaint can cure the noted deficiency, the Court will DISMISS this claim without further leave to amend.

**2.    Retaliation**

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. See Perry v. Sindermann, 408 U.S. 593, 597 (1972). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (same).

Liberally construed plaintiff's allegations, that SVSP prison officials retaliated against him for complaining about the destruction of his habeas petition and to prevent him from filing a civil suit by taking away his seizure medication, satisfy the pleading requirements for a First Amendment retaliation claim. The Court will order service of this claim on the named Defendants.

### 3. Medical Needs - Eighth Amendment

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Liberally construed, Plaintiff alleges a cognizable claim of deliberate indifference against the named Defendants for taking away his seizure medication resulting in Plaintiff's seizures and serious injuries to his head, back, right elbow, and left shoulder. Amend. Compl. at 9. The Court will order service of this claim on the named Defendants.

### 4. Property

Plaintiff alleges that SVSP officials destruction of his legal property violated his First, Fourth, Fifth and Fourteenth Amendment rights. Inmates who have been afforded the opportunity to possess personal property in prison may claim that prison officials have confiscated or destroyed their property without due process. Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, however.

1  Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby
2  kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986);
3  Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The
4  availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief
5  because it provides sufficient procedural due process. Zinermon v. Burch, 494 U.S. 113, 128
6  (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to,
7  deprivation statutory provision for post-deprivation hearing or common law tort remedy for
8  erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir.
9  1986) (same). California law provides such an adequate post-deprivation remedy. Barnett v.
10 Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Nor is a
11 prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his
12 property. Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert. denied, 493 U.S. 868 (1989).

13    The Court concludes that Plaintiff's property claim is not cognizable under §1983
14 because Plaintiff has an adequate state remedy for the random and unauthorized loss of his
15 personal legal property. Plaintiff's property claim is DISMISSED as to all Defendants without
16 leave to amend.

17    **5.    Sixth Amendment**

18    Plaintiff alleges that his Sixth Amendment right was violated by the destruction of his
19 legal work. Plaintiff claims that his habeas petition and legal documents were prepared with the
20 assistance of other inmates and cannot be reconstructed. The inmates that assisted him with his
21 original habeas petition have been transferred to other prison facilities and other inmates will not
22 help Plaintiff due to their fears of reprisal after Plaintiff complained about the loss of his legal
23 work. Plaintiff maintains that the destruction of his legal materials deprived him of months of
24 legal counsel provided by these "jail-house" lawyers. Amend Compl. at 8. The Court notes that
25 Plaintiff acknowledges that the Eastern District of California permitted him to resubmit his
26 habeas petition and that any delay did not impede review of his habeas action in the Eastern
27 District Court. Amend. Compl. at 7.
28

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Plaintiff does not have a Sixth Amendment right to counsel, or a "jail-house" lawyer, to prepare or assist him with his federal habeas petition. Additionally, Plaintiff was able to resubmit his habeas action in the Eastern District Court for review. Accordingly, Plaintiff's claim alleging a Sixth Amendment violation is DISMISSED without leave to amend.

**6.     Doe Defendants**

Plaintiff alleges that SVSP correctional officers threatened him for utilizing the prison grievance appeal system and complaining about the loss of his legal materials. Plaintiff asks to identify officers who have threatened him for suing under the inmate "602" appeal procedure. The use of Doe defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against Defendant "Does" are dismissed from this action without prejudice. Should Plaintiff learn Defendant "Does" identity, he may move to file an amendment to the complaint to add them as named Defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**CONCLUSION**

1.     Plaintiff's claim of denial of access to the courts is DISMISSED as to all Defendants without leave to amend.

2.     Plaintiff's property claim under the First, Fourth, Fifth and Fourteenth Amendments is DISMISSED as to as to all Defendants without leave to amend.

3.     Plaintiff's Sixth Amendment Claim is DISMISSED as to all Defendants without leave to amend.

4.     Plaintiff's claims against Defendant "Does" - unnamed SVSP Correctional Officers - are dismissed from this action without prejudice and with leave to amend.

5.   The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the <u>amended complaint</u> in this matter (docket no. 11), all attachments thereto, and a copy of this order upon: **Edward Alameida, Director of the California Department of Corrections and Rehabilitation, Sacramento, California; G.K. Crawford, SVSP Supervisor of Vocational Instruction; A.A. Lamarque, SVSP Warden; and J. Burk, SVSP Law Librarian**.  The Clerk shall also <u>mail courtesy copies</u> of the complaint and this order to the California Attorney General's Office.

6.   No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint as set forth above.

   a.   If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert</u>. <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

   b.   Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

7.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

   a.   In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

1          The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

///

     8.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

     9.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

     10.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

     11.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

     For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel. <u>See</u> Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." <u>See</u> Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some or all of the discovery Plaintiff might seek.</u> In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because Plaintiff is incarcerated he is not required to meet and confer with Defendants in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to Defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

///

1       12.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
2 informed of any change of address and must comply with the Court's orders in a timely fashion.
3 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
4 Federal Rule of Civil Procedure 41(b).
5     IT IS SO ORDERED.
6 DATED:   5/9/08
7                                   JEREMY FOGEL
                                  United States District Judge