NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOSEPH PRATT,                )       No. C 03-2536 JF (PR)
                                     )
                Plaintiff,           )       ORDER GRANTING MOTION
                                     )       TO DISMISS; DENYING
     vs.                             )       MOTIONS TO STAY AND FOR
                                     )       APPOINTMENT OF COUNSEL
                                     )
E. ALAMEIDA, et al.,                 )
                                     )       (Docket Nos. 20, 22, & 27)
                Defendants.          )
_____)

        Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights

action pursuant to 42 U.S.C. § 1983.  Defendants filed an unenumerated motion to

dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure arguing that

Plaintiff has failed to exhaust administrative remedies.  See U.S.C. § 1997e(a).  In lieu of

an opposition, Plaintiff filed a motion for a stay.  Plaintiff has also filed a motion for

appointment of counsel.

                                    **BACKGROUND**

        Plaintiff makes the following allegations in the March 5, 2004 Amended

Complaint, which allegations the Court assumes to be true for purposes of the present

motion.  On October 4, 2002, he gave a petition for a writ of habeas corpus, a writ of

mandate, a motion for discovery, and related exhibits to Defendant SVSP Senior

1   Librarian Burk for photocopying.  Plaintiff's documents were misplaced and lost by

2   SVSP prison officials.  Plaintiff filed an administrative appeal regarding the loss of his

3   property, which was partially granted.  See Amended Complaint at 2-6.  Plaintiff admits

4   that he was thereafter able to resubmit his habeas petition in the United States District

5   Court for the Eastern District of California and that his habeas petition was reviewed.  Id.

6   at 7.

7          Plaintiff claims that after he complained about the destruction of his habeas

8   petition, SVSP prison officials retaliated against him by taking away his seizure

9   medication in order to prevent him from reconstructing his habeas petition and from filing

10  a civil complaint.  Plaintiff has taken this medication his entire life to control epileptic

11  seizures.  After the removal of this medication, Plaintiff suffered seizures resulting in

12  injuries to his head, back, right elbow, and left shoulder.  Amended Complaint at 9.

13         After reviewing the Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court

14  found that it stated two cognizable claims for relief against Defendants Edward Alameida,

15  Director of the California Department of Corrections and Rehabilitation at the relevant

16  time period; G.K. Crawford, SVSP Supervisor of Vocational Instruction; A.A. Lamarque,

17  SVSP Warden; and J. Burk, SVSP Law Librarian: (1) that Defendants violated his First

18  Amendment rights by retaliating against him for the filing of administrative grievances;

19  and (2) that Defendants violated his Eighth Amendment rights by being deliberately

20  indifferent to his serious medical needs.  The Court dismissed Plaintiff's remaining claims

21  for failure to state a cognizable grounds for relief.  Defendants argue in their motion to

22  dismiss that Plaintiff did not exhaust his retaliation or medical claims prior to filing this

23  action.

24                                    **DISCUSSION**

25  A.    Standard of Review

26         Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants

27  have the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315

28  F.3d 1108, 1119 (9th Cir. 2003).  A nonexhaustion claim should be raised in an

1   unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id.  In

2   deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may

3   look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[1]  If the court

4   concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is

5   dismissal without prejudice. Id. at 1120.

6   B.   Exhaustion Requirement

7        The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321

8   (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be

9   brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal

10  law, by a prisoner confined in any jail, prison, or other correctional facility until such

11  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The

12  exhaustion requirement applies equally to prisoners held in private or government

13  facilities. See Roles v. Maddox, 439 F.3d 1016, 1017-18 (9th Cir. 2006).  Exhaustion is

14  mandatory and no longer left to the discretion of the district court.  Woodford v. Ngo,

15  126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

16  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal

17  standards." Id.  Even when the relief sought cannot be granted by the administrative

18  process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  Id.

19  at 2382-83 (citing Booth, 532 U.S. at 734).

20       An action must be dismissed unless the prisoner exhausted his available

21  administrative remedies before he or she filed suit, even if the prisoner fully exhausts

22  while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

23  Furthermore, administrative remedies are not exhausted where the grievance, liberally

24  construed, does not have the same subject and same request for relief. See O'Guinn v.

25  Lovelock Correctional Center, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal

26

27  [1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss
    for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must

28  give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120
    n.14.  Plaintiff was given such notice in the order of service.

1     construction, grievance requesting a lower bunk due to poor balance resulting from a

2     previous brain injury was not equivalent to, and therefore did not exhaust administrative

3     remedies for, claims of denial of mental health treatment in violation of the ADA and

4     Rehabilitation Act).

5           The State of California provides its inmates and parolees the right to appeal

6     administratively "any departmental decision, action, condition, or policy which they can

7     demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15,

8     § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging

9     misconduct by correctional officers.  See id. § 3084.1(e).  In order to exhaust available

10    administrative remedies within this system, a prisoner must proceed through several

11    levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate

12    appeal form, (3) second level appeal to the institution head or designee, and (4) third level

13    appeal to the Director of the California Department of Corrections and Rehabilitation.  Id.

14    § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the

15    administrative remedies exhaustion requirement under § 1997e(a).  Id. at 1237-38.  A

16    prisoner need not proceed further and also exhaust state judicial remedies.  Jenkins v.

17    Morton, 148 F.3d 257, 259-60 (3d Cir. 1998).

18   C.     Legal Claims

19           Plaintiff's claims remaining in this action are: (1) that Defendants retaliated

20    against Plaintiff for filing grievances about his lost legal papers by confiscating his

21    epilepsy medication; and (2) that Defendants' confiscation of such medication, which led

22    to Plaintiff's seizures and injuries, was deliberately indifferent to his serious medical

23    needs.  Defendants argue that Plaintiff failed to administratively exhaust either of these

24    claims before he filed the instant action on May 29, 2003.  In his motion for a stay,

25    Plaintiff concedes that he has not exhausted his administrative remedies with respect to

26    these claims, and requests a stay of this case while he exhausts them.

27           A review of the papers submitted by the parties reveals that Plaintiff's retaliation

28    and deliberate indifference claims have not in fact been exhausted.  Plaintiff attaches to

1 his Amended Complaint the administrative grievance he filed on November 22, 2002 in

2 which he complained that the librarian had lost his legal materials on October 4, 2002.

3 Amended Complaint, Ex. A.  The grievance was partially granted the next day at the

4 "informal level" of review.  Id.  The grievance was then granted at the first formal level

5 of review on January 10, 2003, and Plaintiff was given a document that would officially

6 notify the courts that Plaintiff had not been at fault and that Plaintiff could use in

7 explaining his delay to the courts.  Id.  This grievance does not address the same subject

8 matter as the remaining claims herein, namely that Defendants' retaliated against him and

9 were deliberately indifferent to his medical needs by confiscating his seizure medication.[2]

10 As the November 22, 2002, administrative grievance does not concern the same subject

11 matter as the retaliation and deliberate indifference claims raised herein, it does not

12 exhaust those claims.  See O'Guinn, 502 F.3d at 1062-63.

13     In support of their motion, Defendants have submitted the declaration of N.

14 Grannis, the Chief of the Inmate Appeals Branch, describing all the administrative

15 grievance that Plaintiff has exhausted through the Director's Level of Review.  According

16 to her declaration, the first exhausted grievance by Plaintiff does not address the claims

17 raised herein; this grievance was exhausted in November 2001, long before the events

18 alleged in the instant case occurred.  (Decl. N. Grannis, Ex. A at AGO-001.)  Plaintiff did

19 not exhaust any further grievances until December 2003, 2007 and 2008.  (Id.)  As these

20 grievances were filed long after the Plaintiff filed the instant action, they do not satisfy

21 the exhaustion requirement.  See McKinney, 311 F.3d at 1199 (action must be dismissed

22 unless prisoner exhausted available administrative remedies *before* he or she filed suit,

23 even if prisoner fully exhausts while suit is pending).  As McKinney requires dismissal of

24 an action if administrative remedies have not been exhausted prior to filing suit,

25 Plaintiff's to stay this action while he exhausts such remedies is DENIED.

26     Because Plaintiff failed to exhaust his administrative remedies with respect to his

27 

28 
---
[2] Indeed, the November 22, 2002, grievance is the grievance that is alleged to have led to Defendants' retaliatory confiscation of his medication.

1    remaining claims prior to filing the instant action, Defendants' motion to dismiss the

2    complaint for failure to exhaust is GRANTED.  <u>See</u> 42 U.S.C. § 1997e(a).  As this case

3    will be dismissed for failure to exhaust, Plaintiff's request for appointment of counsel is

4    DENIED.

5                                              **CONCLUSION**

6              For the foregoing reasons, Defendants' motion to dismiss for failure to exhaust

7    administrative remedies (Docket No. 22) is GRANTED.  Plaintiff's claims are

8    **DISMISSED** without prejudice to refiling after Plaintiff has exhausted all available

9    administrative remedies.  The motions for a stay (Docket No. 27) and for appointment of

10   counsel (Docket No. 20) are DENIED.

11             The Clerk shall enter judgment and close the file.

12             This order terminates Docket Nos. 20, 22 & 27.

13             IT IS SO ORDERED.

14   DATED:  _8/21/08_____

15                                              JEREMY FOGEL
                                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28